IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Percy Coleman, Administrator for the Estate of Philip Coleman,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>The City of Chicago, Chicago Police Lieutenants Michael Rigoli, Star No. 235, Carlos Mostek, Star No. 196, and Michael Casey, Star No. 191, Chicago Police Sergeants Sean Tully, Star No. 1090, William Meador, Star No. 1003, and Tommy Walker, Star No. 2328, and Chicago Police Officers Cordy Fouch, Star No. 19814, Mark Jones, Star No. 10390, David Montgomery, Star No. 10651, Brian Hood, Star No. 10598, Reginald T. Malone, Star No. 17484, Detention Aide Keith Kirkland, Lee Caldwell, Star No. 16925, and Charita Edwards, Star No. 10095.<br><br>　　　　Defendants. | Case No.: 12 cv 10061<br><br>**JUDGE KENNELLY** |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT**

**OF UNCONTESTED MATERIAL FACTS**

　　　1.　　This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367. (Ex. A, ¶1)[1]

　　　2.　　Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district. (Ex. A, ¶2)

---

[1] All citations refer to the exhibits included in plaintiff's Appendix of Exhibits.

3. At all times herein mentioned, Chicago Police Detention Aide Keith Kirkland,("Kirkland") and Sergeant Tommy Walker ("Sgt.Walker")were employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. (Ex. A, ¶¶8,15 )

4. Keith Kirkland ("Kirkland") has been a Detention Aide employed by the Chicago Police Department for more than 22 years. (Ex B, pg. 5)

5. On December, 12, 2012, Philip Coleman was arrested and transported to the Chicago Police Department's 5th District police station. (Ex. A, ¶23)

6. Sgt. Walker was the Chicago Police Department's 5th District Station Supervisor on December 13, 2012 (Ex. C, pg. 15-16)

7. Walker gave the initial order for Philip Coleman to be tasered inside a cell at the Chicago Police Department's 5th District lockup after Philip Coleman allegedly failed to comply with verbal commands. (Ex. C, pg. 31)

8. After Philip Coleman was tasered inside his lockup cell he was handcuffed behind his back, and leg shackles were placed on his legs. (Ex. C, pg. 39)

9. Kirkland made the decision to drag Philip Coleman out of the lockup cell along the floor by his handcuffs. (Ex. C, pg. 43)

10. Philip Coleman was pulled by his cuffs out of the cell, and along the floor of a hallway. (Ex. C, pg. 41-42)

11. Philip Coleman did not offer any resistance while he was being dragged along the floor by handcuffs. (Ex. C, pg. 41)

12. Kirkland testified that he dragged Philip Coleman along the floor by the handcuffs because he believed it was safer than giving him an opportunity to stand up and walk out of the cell. (Ex. B, pg. 40)

13. Kirkland described how he dragged Philip Coleman along the floor as follows:

> Q: And can you describe how you did that
>
> A: I grabbed the cuffs and pulled him out.
>
> Q: Okay. So when you say you grabbed the cuffs, are you referring to the chain between each cuff?
>
> A: Yes.

(Ex. B, pg. 41)

14. Kirkland had never been trained that it was appropriate to move an arrestee by grabbing their handcuffs and pulling them along the floor. (Ex. B, pg. 42)

15. It was possible for paramedics to treat Philip Coleman in his cell after he was tasered. (Ex. C, pg. 43-44)

16. Walker testified that rather than dragging Philip along the floor he could have been stood up and walked to a different area of the lockup, or he could have been carried. (Ex. C, pg. 44)

17. Tonya Pye is a police officer that has employed by the Chicago Police Department for more than 23 years. (Ex. D, pg. 4, 6)

18. Tonya Pye was produced by the City of Chicago in response to a Rule 30(b)(6) notice of deposition regarding the Chicago Police Department's training, policies, and practices as they pertain to Detention Aides. (Ex. D, pg. 5-6)

19. Tonya Pye testified that she has never received training that it is within policy or procedure to pull an arrestee along the floor by their handcuffs. (Ex. D, pg. 74-75)

20. During her deposition Tonya Pye reviewed "screen shots" from a portion of Chicago Police Department video that shows Kirkland dragging Philip Coleman along the floor by his handcuffs. (Ex. D, pg. 78-81)

21. Tonya Pye testified that she has never previously seen an incident where an individual was lying on the floor in the lock up and they were pulled along the floor by their handcuffs. (Ex. D, pg. 81)

22. The Chicago Police Department trains its personnel that improper use of handcuffs can injure a person in handcuffs. (Ex. D, pg. 81)

23. The defendants have disclosed Jeffrey Noble as a police expert in this matter. Mr. Noble testified that it was inappropriate for Kirkland to drag Philip Coleman along the floor by the handcuffs (Ex. H, Jeffrey Noble deposition)[2]

24. A video recording of plaintiff's lockup cell shows Philip Coleman being tasered, and then dragged from his lockup cell by Kirkland. (Ex. F, Video file labeled "Camera 7 cell I" at 7:26 a.m. through 7:29 a.m.)[3]

25. A video recording shows Kirkland dragging Philip Coleman by the handcuffs along the floor of a lengthy hallway. (Ex. G, Video file labeled "Camera c31 3 5" at 7:29 a.m.)

---

[2] Mr. Noble's deposition was taken on September 25, 2015, and his deposition transcript is not currently available. Plaintiff will seek leave to supplement the record with the relevant portions of this transcript when it is available.
[3] The video file exhibits are currently designated as confidential. The Court previously denied, without prejudice, plaintiff's motion to remove this designation. Plaintiff will file a new motion to renew plaintiff's designation and supplement the record with a copy of the referenced video files.

26.     Sgt. Walker was present the entire time that Kirkland was dragging Philip Coleman by the handcuffs. (Ex. C, pg. 42) Sgt. Walker admits that this occurred under his direct supervision and he watched Kirkland engage in this conduct the entire time that it occurred. (Ex. C, pg. 42, 115, 117) Sgt. Walker admits that he could have ordered Kirkland to stop dragging Philip Coleman by the handcuffs.

27.     Dr. Ponni Arunkumar, is an Assistant Medical Examiner at the Cook County Medical Examiner's office in Cook County, Illinois. (Ex. E, pg. 7) Dr. Arunkumar performed the postmortem examination of Philip Coleman. (Ex. E, pg. 8) Photographs taken during the postmortem examination of Philip Coleman's autopsy depict injuries to Philip Coleman's wrists that could have been caused by handcuffs. (Ex. E, pg. 76-77)

                BY: s/ Garrett Browne
                    ED FOX & ASSOCIATES
                    Attorneys for Plaintiff
                    300 West Adams
                    Suite 330
                    Chicago, Illinois 60606
                    (312) 345-8877
                    gbrowne@efox-law.com